

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 5, 1939

Honorable A. J. Bryan, Jr.
Criminal District Attorney
Hillsboro, Texas

Dear Sir:

Opinion No. 0-787
Re: Can bills incurred for construc-
tion of roads be paid out of the
proceeds of the sale of bonds is-
sued for that purpose when said
bills are created prior to the
time such proceeds are actually
available?

We have your letter of May 6, requesting our opinion
on the above question based upon certain facts which are,
briefly, as follows:

Hill County voted a $90,000 road bond issue for the
purpose of constructing, maintaining and operating macadamized,
graveled or paved roads and turnpikes, or in aid thereof, a
part of which was to be used in cooperation with the Works
Progress Administration, and that prior to the sale of the
bonds, but after it was known that the election had resulted
favorably to the issuance of said bonds, two of the county com-
missioners began certain W. P. A. projects which were intended
to be a part of the county-wide road construction contemplated
under the bond issue. This action incurred certain bills or
obligations before money was actually available from the sale
of said bonds and before the appointment of a road superinten-
dent, as is provided by the special Hill County road law, being
House Bill No. 500, Chapter 33 of the Special Laws of Texas,
passed by the Thirty-sixth Legislature.

It occurs to us that the answer to this question must
ultimately rest upon the determination of whether the work done

was such as would have been done in any event or that would have been essential to the accomplishment of the purpose for which the bonds were voted. If the determination is in favor of the necessity of such work having been done to the ultimate accomplishment of the intended purpose of the bond issue, then it is the opinion of this department that the bills incurred, as recited in your letter, are properly chargeable against the proceeds of the bond sale. Otherwise, such obligation would be a charge only against the road and bridge fund of the county.

In answer to your second question, it is our opinion that following the appointment of the road superintendent, it becomes his duty to determine the propriety of the work done, and if he finds same to have been work such as he would have required in the discharge of his duties of office, then he can properly approve such bill or obligation in that behalf incurred.

The questions submitted are primarily questions of fact rather than of law, and once the facts are determined we think the foregoing conclusion can properly be followed by the County Auditor in allowing or disallowing the payment of such bills.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Clarence E. Crowe
Assistant

CEC:S

APPROVED:

ATTORNEY GENERAL OF TEXAS